Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
Regan M.H. Koski (SBN 346293)
rkoski@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
UNITED AIRLINES, INC.; CLARISSA
INGRAM; GABRIELLA CHIDOM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ONYETEMA ANENE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; CLARISSA INGRAM, an individual; GABRIELLA CHIDOM, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Superior Court County of San Francisco Case No. CGC-26-634656<br><br>State Action Filed: March 11, 2026<br>First Amended<br>Complaint Filed:    April 10, 2026 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF ANGELA ONYETEMA ANENE, APPEARING IN PRO SE:**

PLEASE TAKE NOTICE that Defendants United Airlines, Inc. ("United"), Clarissa Ingram ("Ingram"), and Gabriella Chidom ("Chidom") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.  Defendants remove this action pursuant to 28 U.S.C. sections 1441 and 1446, asserting federal jurisdiction on the basis of diversity under 28 U.S.C. section 1332.

/ / /

– 1 –

US_ACTIVE-250219736.v4-RMHKOSKI-6/29/2026 10:06 AM

# I.   PROCEDURAL HISTORY

1.      On March 11, 2026, Plaintiff Angela Onyetema Anene ("Plaintiff") filed the Complaint in the California Superior Court for the County of San Francisco, *Angela Onyetema Anene v. United Airlines, Inc., et al.*, Case No. CGC-26-634656 (the "State Court Action"). Declaration of Michele Haydel Gehrke in Support of Notice of Removal ("Gehrke Decl.") ¶ 2, Ex. A, Complaint.

2.      On April 10, 2026, Plaintiff filed her First Amended Complaint ("FAC") in the State Court Action.  Id. ¶ 3, Ex. B, FAC.

3.      Ms. Chidom was served with a copy of the Summon and FAC on May 29, 2026. Gehrke Decl. ¶ 4, Ex. C, Chidom Proof of Service.

4.      United was served with a copy of the Summon and FAC on June 2, 2026 through its agent for service of process.  Gehrke Decl. ¶ 5, Ex. D, United Proof of Service.

5.      Finally, Ms. Ingram was served with a copy of the Summon and FAC on June 24, 2026. Gehrke Decl. ¶ 6, Ex. E, Ingram Confirming Email.

6.      In the State Court Action, Plaintiff asserts five (5) state law claims arising out of the Fair Employment and Housing Act ("FEHA"), tort, and other state statutory and common law theories. These claims include: (1) retaliation; (2) wrongful termination in violation of public policy; (3) failure to prevent retaliation; (4) aiding and abetting retaliation; and (5) invasion of privacy. Gehrke Decl. ¶ 3, Ex. B, FAC.

7.      A true and correct copy of all pleadings, orders, and documents on file in the State Court Action are filed with this Notice of Removal.  *See* Gehrke Decl. ¶¶2-6, 8, Ex. G, State Action File.

8.      In support of this Removal, United submits the Declarations of United Employment Litigation Manager Delzyra Rosa Craig.  *See generally*, Declaration of Delzyra Rosa Craig in Support of Removal ("Rosa Craig Decl.").

9.      Because there are no other ascertainable defendants in this action no consent to removal is necessary.

DEFENDANTS' NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II.   REMOVAL IS TIMELY

10.   The 30-day deadline for removal under 28 U.S.C. section 1446(b) has not begun because removability is not based solely on the four corners of the FAC. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin").

11.   Notwithstanding, this Notice of Removal is timely because Defendants filed it in the time period set forth in section 1446(b).  The first of Defendants to be served was Ms. Chidom on May 29, 2026.  The 30th day after May 29, 2026 is June 29, 2026.  Thus, this Notice – filed on June 29, 2026 – is timely.  *See Allen v. Toyota Motor Credit Corp.*, 2019 U.S. Dist. LEXIS 234129, *4 (N.D. Cal. Aug. 1, 2019).

## III.   VENUE IS PROPER IN THIS DISTRICT

12.   Venue is proper in this Court because Plaintiff filed this action in San Francisco County, which is located within the District and Division of this Court.  28 U.S.C. §§ 84(a), 1391, 1446(a).

## IV.   BACKGROUND

### A.   The Parties and Plaintiff's Relevant Allegations

13.   Plaintiff is a former United Customer Service Representative hired on July 29, 2024. Gehrke Decl. ¶ 3, Ex. B, FAC; Rosa Craig Decl. ¶ 3.

14.   Throughout the relevant time period of this lawsuit - between July 2024 and January 2025 ("relevant time period") - Plaintiff's employment with United was governed by the 2016-2021 Passenger Service Employees Agreement between United Airlines and The International Association of Machinists And Aerospace Workers (IAMAW) ("CBA").  Newly hired employees, such as Plaintiff, are regarded as probationary for the first 180 calendar days of active service in the position as set forth in Article 7 - "Seniority" Section C of the CBA.  Employees may be discharged at any time and for any reason during their probationary periods without a hearing.  Rosa Craig Decl. ¶ 4.

15. Plaintiff alleges that Ms. Ingram and Ms. Chidom were at all relevant times managers and agents of United and acting "within the course and scope of [their] employment." Gehrke Decl. ¶ 3, Ex. B, FAC ¶¶ 4-5.

16. Plaintiff alleges that around late September or early October 2024, she informed Ms. Ingram via Microsoft Teams of "her intention to request a recommendation letter to apply for a position in the business department after completing probation" to which Ms. Ingram allegedly "reacted negatively" by "ignoring the message and subsequently deleting the Teams communication…." FAC ¶¶ 17-18.

17. Following this "incident," Plaintiff allegedly began experiencing hostile treatment, including "denial of lunch breaks," "denial of restroom breaks," "discrimination based on sex and national origin," "extreme micromanagement," "unfavorable and irregular scheduling," "strange difficult assignments to manufacture failure," "appointment of inexperienced trainers to train Plaintiff," "deliberate tactics to delay Plaintiff to her next assignment," and "workplace bullying." FAC ¶ 19.

18. Plaintiff alleges that she reported her concerns to Ms. Ingram "around October 20-21, 2024," but received no response. FAC ¶¶ 24-25.

19. Plaintiff further claims that on January 22, 2025, she reported an incident of harassment involving another agent, Peter Chan, to Ms. Chidom, who allegedly instructed Plaintiff to submit a handwritten complaint. FAC ¶ 34. During this time, Ms. Chidom allegedly informed Plaintiff that she (Ms. Chidom) was responsible for repeatedly scheduling Plaintiff to the wrong workstation. FAC ¶ 35. Plaintiff claims that, contrary to United's policy of scheduling newly trained agents "consistently at the gates for a minimum of two (2) months," Ms. Chidom "repeatedly scheduled Plaintiff to the international check-in counter instead of the gates, despite the availability of other agents and the intervention of other United Airlines supervisors." FAC ¶ 90. Plaintiff supposedly became "distressed" due to Ms. Chidom's purported "hostility" and requested permission to step away to use the restroom. FAC ¶ 37.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

DEFENDANTS' NOTICE OF REMOVAL

20.     Plaintiff alleges that, one day after submitting her handwritten complaint, Ms. Chidom terminated Plaintiff's employment citing performance issues.  FAC ¶ 42.  Plaintiff claims her termination on January 23, 2025 was only two days before the completion of her probationary period – January 25, 2025.  FAC ¶ 44.

21.     Finally, Plaintiff alleges that, shortly after her termination, her separation letter and employment information was shared with another United employee, constituting an invasion of her privacy.  FAC ¶¶ 53-56.

22.     Plaintiff alleges claims for retaliation, wrongful termination, failure to prevent retaliation, aiding and abetting retaliation, and invasion of privacy; however, she fails to identify which causes of action are levied against which Defendants.  *See* FAC pp. 10-13.  However, during the Parties' July 24, 2026 telephonic meet and confer, Plaintiff clarified that her fifth claim for invasion of privacy is asserted against United alone.  Gehrke Decl. ¶ 7, Ex. F.

## V.      REMOVAL IS PROPER BASED ON DIVERSITY

23.     This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332 and 1441 because Plaintiff and United (the only proper defendant) are diverse, and the amount in controversy exceeds $75,000.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (complete diversity requirement inapplicable where "non-diverse defendant has been 'fraudulently joined'").

### A.      Citizenship of the Parties

24.     Plaintiff alleges that she "is an individual residing in the state of California."  FAC ¶ 1.  A natural person's citizenship is determined by her state of domicile.  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "[A] defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because 'a person's residence is *prima facie* evidence of domicile and citizenship.'"  *Lee v. BMW of N.A., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation of citizenship in notice of removal, based only on plaintiff's statement of residence in the complaint, sufficient to establish

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

diversity jurisdiction); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1981) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary ..."). Here, Plaintiff alleges that she was a resident of California at all material times which is conclusive. FAC ¶1. Accordingly, Plaintiff is domiciled in California and considered a citizen of California for purposes of diversity jurisdiction.

25. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 599 U.S. 77 (2010). United is now, and has been ever since this action commenced, incorporated under the laws of the State of Delaware, with its headquarters and principal place of business in Chicago, Illinois. Rosa Craig Decl. ¶ 2; *see* FAC ¶ 3; *see Khouri v. United Airlines*, 23 Fed. Appx. 318, 320 (9th Cir. 2002).

26. Accordingly, Plaintiff is diverse with respect to United.

27. As discussed below, Defendants Ingram and Chidom are improperly joined in this action. Thus, while they are citizens of California, their citizenship cannot defeat removal.

**B.      The Court Must Disregard the Citizenship of Ms. Ingram and Ms. Chidom Because They Are Not Properly Joined in This Action**

28. A defendant's right of removal cannot be defeated by fraudulent joinder of a non-diverse defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds"). Where a plaintiff cannot state a cause of action against a non-diverse defendant under state law, joinder of the non-diverse defendant is fraudulent and his or her citizenship does not defeat removal. *Grancare, LLC v. Thower by & through GranCare, LLC*, 889 F.3d 543, 548 (9th Cir. 2018).

29. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987); *Ritchey*, 139 F. 3d at 1318. In addition, courts may consider affidavits and summary judgment-type evidence to determine fraudulent joinder. *Morris*, 236 F.3d at 1068; *see Plute v. Roadway*

DEFENDANTS' NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Accordingly, the Court may consider the declaration of Ms. Rosa Craig as well as the CBA, in determining fraudulent joinder.

30.    Of the five (5) causes of action in the FAC, none can be maintained against Ms. Ingram or Ms. Chidom.[1]  As outlined below, Plaintiff's allegations warrant a finding of fraudulent joinder.

### 1.    Plaintiff's First, Second, Third, and Fourth Causes of Action Cannot Be Maintained Against Individual Supervisors as a Matter of Law

31.    Plaintiff's first through third causes of action allege claims under the FEHA for retaliation, failure to prevent retaliation, and aiding and abetting retaliation, along with a fourth cause of action under the common law for wrongful termination in violation of public policy.  FAC pp. 10-13.

32.    Plaintiff premises these causes of action on purported "hostile" scheduling, increased scrutiny, micromanagement, and her ultimate termination for complaints regarding purported sex/national origin discrimination and "harassment" to Ms. Ingram and Ms. Chidom, among others. FAC ¶¶ 24, 28, 33, 34, 66-68, 71-73, 76-77, 81-92.  Specifically as to Ms. Ingram, Plaintiff claims that she "ignored Plaintiff's complaints and failed to take reasonable steps to investigate or remedy the hostile working environment."  FAC ¶ 84.  Plaintiff claims Ms. Chidom allegedly adversely scheduled Plaintiff to expose her to continued harassment and micromanagement contrary to United policy.  FAC ¶¶ 89-90.

33.    In California, it is well-settled that individual supervisors cannot be held personally liable under the FEHA for their role in purported retaliation.  *See Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008); *Haligowski v. Superior Ct.*, 200 Cal. App. 4th 983, 993 (2011) (confirming holding and rationale in *Jones*).  This rationale is consistent with the reasons for not imposing individual liability for claims of discrimination (i.e., "supervisors can avoid harassment but cannot avoid personnel decisions, it is incongruous to exempt small employers but to hold

---

[1] Because Plaintiff fails to properly identify which causes of action are levied against which Defendants (FAC pp. 10-13), Defendants will address each as if specifically alleged against Ms. Ingram and Ms. Chidom.  This defect will also be addressed in Defendants' forthcoming Motion to Dismiss and Strike the FAC.

DEFENDANTS' NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

individual nonemployers liable, sound policy favors avoiding conflicts of interest and the chilling of effective management, corporate employment decisions are often collective, and it is bad policy to subject supervisors to the threat of a lawsuit every time they make a personnel decision"), all of which apply equally to claims for retaliation. *Jones*, 42 Cal.4th at 1167.  Nor can they be personally responsible for their alleged failure to prevent said retaliation. *See* Cal Govt. Code § 12940(k) ("It is an unlawful employment practice… [f]or ***an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment***, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring") (emphasis added).  Because an individual supervisor cannot be held individually liable for discrimination or retaliation, it necessarily follows that they should not be liable for failure to prevent the underlying violation. *See Jones*, 42 Cal.4th at 1167.

34.    Likewise, managerial and/or supervisory personnel cannot be individually or personally liable under an aiding and abetting theory.  *Peterson v. State of California Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1113 (E.D. Cal. 2006) (citing *Reno v. Baird*, 18 Cal.4th 640, 656 (1998) ["'[a] corporation can act only through its individual employees' and there was no indication that the Legislature intended a corporate employee to be liable for aiding and abetting 'his or her corporate employer when the corporate employee acts on behalf of the corporation by making a personnel decision'"]).

35.    This policy rationale further extends to claims for the tort of wrongful termination in violation of public policy. *See Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 900 (2008) superseded by statute on other grounds by *Taswell v. The Regents of the University of Cal*, 23 Cal.App.5th 343 (2018) (an individual who is not an employer cannot commit the tort of wrongful discharge; rather, he or she can only be the agent by which an employer commits that tort).  Indeed, because FEHA discrimination and retaliation claims do not apply to individual nonemployer supervisors, ""[i]t would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric." *Reno*, 18 Cal.4th at p. 664.  Courts have found

– 8 –

individual supervisors, such as Ms. Ingram and Ms. Chidom, fraudulently joined when facing similar allegations. *See McCabe*, 811 F.2d 1336 (holding individual supervisors fraudulently joined where actions were taken in their managerial capacity and ratified by the employer, finding no cause of action stated against them under settled California law for wrongful discharge).

36.    For these reasons, Plaintiff cannot maintain a viable claim against either Ms. Ingram or Ms. Chidom as a matter of law for her first through fourth causes of action.

**2.    Plaintiff's Fifth Claim for Invasion of Privacy is Asserted Against United Only, But Would Otherwise be Barred by the Common Interest Privilege**

37.    As a preliminary matter, during the Parties' telephonic meet and confer on June 24, 2026, Plaintiff affirmed that her invasion of privacy claim was asserted against United only. Plaintiff memorialized her position in an email correspondence on the same day. Gehrke Decl. ¶ 7, Ex. F. Therefore, the Court's analysis may stop, and fraudulent joinder be determined on the foregoing principles.

38.    However, should the Court's analysis continue, Plaintiff nonetheless cannot maintain any claim for invasion of privacy against Ms. Ingram or Ms. Chidom as their alleged actions would be barred by the common interest privilege.

39.    Indeed, Plaintiff alleges that "Defendants shared Plaintiff's separation letter and confidential employment information with an employee who had no managerial, supervisory, or human resource's (sic) role with respect to Plaintiff and no legitimate business need to access Plaintiff's personnel records. The separation letter contained private and sensitive employment information that Plaintiff reasonably expected to remain confidential." FAC ¶¶ 53-54.

40.    However, disclosure of an employee's records, including the reason for separation, within an employers' own organization are justified under the common interest privilege. *See King v. U.S. Bank Nat'l Ass'n*, 53 Cal.App.5th 675, 701 (2020) (Because an employer and its employees have a common interest in preserving morale and job efficiency, an employer's statements that are made without malice to employees regarding the reasons for termination of another employee are generally

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

conditionally privileged); *see also Hawran v. Hixson*, 209 Cal.App.4th 256, 287 (2012) (indicating common interest privilege applied to defamation and invasion of privacy claims alike); *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal.App.3d 841, 846–847 (1974) (concluding that communicating to employees the reasons for another employee's forced retirement were "of a kind reasonably calculated to protect or further a common interest of both the communicator and the recipient" because the information was disseminated only to preserve employee morale and job efficiency, and was not malicious). A common business or professional interest is enough. *Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1086–87 (E.D. Cal. 2018).

41.     While Ms. Chidom and Ms. Ingram deny Plaintiff's allegations, any such actions would be well within their rights as managerial employees in promoting the morale and job efficiency of United's Customer Service Department. Their actions are protected by the common interest privilege.

42.     Accordingly, Plaintiff's cannot maintain her invasion of privacy claim against them and they must be found to be fraudulently joined.

**3.      The Court Should Find the Individual Defendants Fraudulent Joined as Plaintiff's Defects Cannot Be Cured**

43.     The law is undisputed as to the claims levied against the Individual Defendants, and Plaintiff has no hope of succeeding on any possible theory. Any argument that amendment could cure these defects is futile. Indeed, individual liability cannot attach as to any of these four causes of action as a matter of law. *See Jones*, 42 Cal.4th at 1173; *Haligowski*, 200 Cal. App. 4th at 993; *Peterson*, 451 F. Supp. 2d at 1113; *Miklosy*, 44 Cal. 4th at 900. And while Plaintiff does not allege the Individual Defendants improperly invaded her privacy, even if she had, this claim would nonetheless be barred by the common interest privilege. *See King*, 53 Cal.App.5th at 701. Accordingly, no amendment to Plaintiff's FAC can cure the defects with respect to the Individual Defendants and they must be found to be fraudulently joined.

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL

**B.      The Amount in Controversy Exceeds $75,000**

44.      A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain an evidentiary submission. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 96 (2014).  When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on all of her claims.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume… a jury will return a verdict for the plaintiff on all claims made in the FAC").  United only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).  Here, it is reasonably ascertainable from the face of the Complaint that the amount in controversy exceeds $75,000.

45.      <u>Claimed Damages.</u>  Plaintiff's Complaint seeks compensatory and general damages (*i.e.* emotional distress damages). *See* FAC, Damages ¶ 103, Prayer for Relief p. 15, ¶¶ 1-9.  Plaintiff specifically seeks lost wages, lost benefits, and other employee compensation, reputational harm, emotional distress damages, reasonable attorneys' fees, punitive damages, and for the costs of suit incurred, among others. *Id.* ¶¶ 64, 74, 79, 93, Damages ¶ 103, Prayer for Relief p. 15, ¶¶ 1-9.  Courts include these categories of damages in evaluating the amount in controversy. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Ramirez*, 2018 U.S. Dist. LEXIS 189135, *25-27 (court includes benefits in evaluating amount in controversy).  In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton v. Airport Terminal Servs., Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *9 (C.D. Cal. Jan. 14, 2019).

46.      <u>Past Earnings (Back Pay).</u> Plaintiff seeks economic damages in the form of lost wages and benefits. *See* FAC ¶¶ 64, 74, 79, 93, Damages ¶ 103, Prayer for Relief p. 15, ¶ 2.  Plaintiff was

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 11 –
DEFENDANTS' NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

employed by United as a Customer Service Representative beginning on July 29, 2024 and remained in that position throughout her employment until her separation from United in or around January 24, 2025. Rosa Craig Decl. ¶¶ 3, 5; *see* FAC ¶¶ 1, 41. Throughout Plaintiff's employment with United, Plaintiff's base hourly pay rate was $21.46. Rosa Craig Decl. ¶¶ 3, 5. Plaintiff's lost wages, excluding benefits and profit sharing, from her alleged separation in or around January 24, 2025 through the estimated date of trial (estimated July 2027) alone place the amount in controversy well above the $75,000 jurisdictional threshold. ($21.46 per hour × 8 hours × ~637 days = $109,360.16). *See Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) ("The parties have not set a trial date; however, the Court finds Defendants' proposed date of trial for purposes of this motion—one year from the date of removal—is a conservative estimate of the trial date."); *Reyes v. Staples Off. Superstore, LLC*, No. CV 19-07086-CJC (SKX), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("The Court next finds that . . . it can consider lost wages up until the date of a potential trial . . . Though no trial date has been set, courts have often found that one year from the date of removal is a conservative estimate of the trial date in employment cases . . . ."); *Tipton*, 2019 WL 185687, at *8 ("[I]n evaluating the appropriate period of time for calculating future wages, sixteen months from the date of removal is [] appropriate."). Thus, Plaintiff's claimed "back pay" alone exceeds the $75,000 amount-in-controversy threshold.

47. <u>Future Earnings</u>. Although Plaintiff generally seeks "lost wages," it can be assumed that she will also seek "front pay" pursuant to California employment statutes, which in California can span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d. 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Assuming a conservative front-pay award of two years, Plaintiff's purported front-pay award calculating wages only would be <u>$89,273.60</u> ($21.46 per hour × 2,080 working hours per year × 2 years).

48. <u>Emotional Distress Damages</u>. Plaintiff further seeks to recover emotional distress damages. *See* FAC ¶¶ 74, 93, Damages ¶ 103, Prayer for Relief p. 15, ¶¶ 1, 3. Emotional distress

– 12 –
DEFENDANTS' NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United expressly denies that any emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

49.    <u>Punitive Damages</u>.  Plaintiff also seeks punitive damages.  *See* FAC Damages ¶ 103, Prayer for Relief p. 15, ¶ 4.  Punitive damages are considered as part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law").  "Punitive damages are available under FEHA."  *Id.* United expressly denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

50.    <u>Attorneys' Fees</u>.  The Complaint also seeks an award of attorneys' fees.  *See* e.g. FAC Prayer for Relief p. 15, ¶ 7.  However, Plaintiff appearing in *pro se* cannot recover attorney's fees as a matter of law.  *See PLCM Group, Inc. v. Drexler*, 22 C4th 1084, 1092 (2000) (holding litigants appearing in pro per cannot be awarded attorney fees under Civ.C. § 1717(a): "[T]he term 'attorney fees' implies the existence of an attorney-client relationship, i.e., a party receiving professional services from a lawyer").  This issue is fully briefed in United's concurrently filed Motion to Dismiss and Strike Portions of the First Amended Complaint.

51.    In sum, the lost wages, emotional distress damages, and punitive damages exceed the $75,000 jurisdictional minimum.

## VI.    <u>NOTICE TO PLAINTIFF AND THE SUPERIOR COURT</u>

52.    Contemporaneously with the filing of this Notice, Defendants will provide notice of such filings to Plaintiff.

DEFENDANTS' NOTICE OF REMOVAL

53.    A copy of this Notice will be filed with the Clerk of the Superior Court of the County of San Francisco, California.

## VII.    CONCLUSION

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Francisco to this Court.

DATED:  June 29, 2026                    REED SMITH LLP


By: */s/ Michele Haydel Gehrke*
     Michele Haydel Gehrke
     Regan M.H. Koski
     Attorneys for Defendants
     UNITED AIRLINES, INC., CLARISSA
     INGRAM, and GABRIELLA CHIDOM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 14 –
DEFENDANTS' NOTICE OF REMOVAL